**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL HUFF,<br><br>Plaintiff,<br><br>v.<br><br>SPORTSMAN'S WAREHOUSE HOLDINGS, INC., JON BARKER, MARTHA BEJAR, PHILIP C. WILLIAMSON, CHRISTOPHER EASTLAND, GREGORY P. HICKEY, RICHARD MCBEE, and JOSEPH P. SCHNEIDER,<br><br>Defendants. | ) | Case No. ______________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 21, 2020 (the "Proposed Transaction"), pursuant to which Sportsman's Warehouse Holdings, Inc. ("Sportsman's Warehouse" or the "Company") will be acquired by affiliates of Great American Outdoors Group, LLC.

2. On December 21, 2020, Sportsman's Warehouse's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Great Outdoors Group, LLC ("Parent") and Phoenix Merger Sub I, Inc. ("Merger Sub," and together with Parent, "Great Outdoors"). Pursuant to the terms of the Merger Agreement, Sportsman's Warehouse's stockholders will receive $18.00 in cash for each

share of Sportsman's Warehouse common stock they own.

3. On February 2, 2021, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Sportsman's Warehouse common stock.

9. Defendant Sportsman's Warehouse is a Delaware corporation and maintains its principal executive offices at 1475 West 9000, Suite A, West Jordan, Utah 84088. Sportsman's

Warehouse's common stock is traded on the NASDAQ under the ticker symbol "SPWH."

10. Defendant Jon Barker is Chief Executive Officer and a director of the Company.

11. Defendant Martha Bejar is a director of the Company.

12. Defendant Philip C. Williamson is a director of the Company.

13. Defendant Christopher Eastland is a director of the Company.

14. Defendant Gregory P. Hickey is a director of the Company.

15. Defendant Richard McBee is a director of the Company.

16. Defendant Joseph P. Schneider is Chairman of the Board of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

18. Sportsman's Warehouse provides outdoor enthusiasts with quality merchandise and is a leading outdoor specialty company based in the Western United States with 112 store locations.

19. On December 21, 2020, Sportsman's Warehouse's Board caused the Company to enter into the Merger Agreement with Great Outdoors.

20. Pursuant to the terms of the Merger Agreement, Sportsman's Warehouse's stockholders will receive $18.00 in cash for each share of Sportsman's Warehouse common stock they own.

21. According to the press release announcing the Proposed Transaction:

> In an effort to better serve its loyal customers, Sportsman's Warehouse has entered into a definitive agreement to join the Great American Outdoors Group, parent company of Bass Pro Shops, Cabela's, White River Marine Group and a collection of nature-based resorts. The Great American Outdoors Group will remain a private company with a long-term view to do what is best for its customers, team members and conservation initiatives. As part of the agreement, Sportsman's Warehouse will

be acquired for $18.00 per share in cash. . . .

Transaction Overview

The merger agreement was unanimously approved by Sportsman's Warehouse's Board of Directors. The transaction, which is expected to close in the second half of 2021, will be completed through a cash merger and is subject to approval by Sportsman's Warehouse's shareholders, as well as regulatory approvals and other customary closing conditions. The transaction is not subject to any financing condition. The entities will continue to operate independently until the transaction closes.

J.P. Morgan Securities LLC served as lead financial advisor; Moelis & Company served as an additional financial advisor to the Great American Outdoors Group and King & Spalding LLP served as the Great American Outdoors Group legal counsel, with expert assistance from Debevoise & Plimpton LLP. Baird served as exclusive financial advisor to Sportsman's Warehouse. O'Melveny & Myers served as legal counsel to Sportsman's Warehouse.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

22. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

23. As set forth below, the Proxy Statement omits material information.

24. First, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor, Robert W. Baird & Co. Incorporated ("Baird").

25. With respect to Baird's Selected Transaction Analysis, the Proxy Statement fails to disclose: (i) the total values of the transactions; and (ii) the closing dates of the transactions.

26. With respect to Baird's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.75% to 11.75%; (ii) Baird's basis for assuming terminal values ranging from 7.0x to 8.5x; (iii) the terminal values used in the analysis; and (iv) the number of fully diluted outstanding shares of the Company.

27. With respect to Baird's Transaction Premiums Paid Analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

28. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

29. Second, the Proxy Statement fails to disclose the timing and nature of all communications regarding the future employment and directorship of the Company's officers and directors, including who participated in all such communications.

30. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

31. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

32. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Sportsman's Warehouse

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in

light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Sportsman's Warehouse is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants**

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Sportsman's Warehouse within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Sportsman's Warehouse and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and

proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.   Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.   In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.   Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.   Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.   Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 4, 2021                          **RIGRODSKY LAW, P.A.**

                                               By: */s/ Gina M. Serra*
                                                      Seth D. Rigrodsky (#3147)
                                                      Gina M. Serra (#5387)
                                                      Herbert W. Mondros (#3308)
                                                      300 Delaware Avenue, Suite 210
                                                      Wilmington, DE 19801
                                                      Telephone: (302) 295-5310
                                                      Facsimile: (302) 654-7530
                                                      Email: sdr@rl-legal.com
                                                      Email: gms@rl-legal.com
                                                      Email: hwm@rl-legal.com

                                                      *Attorneys for Plaintiff*